J-A13044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KELLY MICHELLE LAW | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY KEVIN JACKSON | : | |
| | : | |
| Appellant | : | No. 1437 WDA 2025 |

Appeal from the Order Entered September 16, 2025
In the Court of Common Pleas of Westmoreland County
Domestic Relations at No: 92 DR 2016,
PACSES No. 428115746

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: AUGUST 6, 2026**

Jeremy Kevin Jackson (Appellant) appeals *pro se* from the order denying his motion to vacate his child support obligation based on the trial court's lack of subject matter jurisdiction.  We affirm.

On January 26, 2016, Kelly Michelle Law (Appellee) filed a divorce complaint which included a claim for spousal and child support.  The parties were divorced on October 31, 2018, but have continued to litigate child support.

Appellant has filed numerous motions and petitions in his attempts to avoid paying child support.  As the trial court explained:

The [c]ourt has in fact denied all of [Appellant's] motions and petitions.  However, the decisions were made after careful consideration of the arguments made by [Appellant] and applying all relevant law.  The [court's] August 25th[, 2025 order and m]emorandum addresses the issues that have been raised by [Appellant] on multiple occasions.  [Appellant's] displeasure with

the rulings of this [c]ourt fails to establish bias or denial of Due Process.

Trial Court Opinion, 11/24/25, at 7.

Instantly, Appellant appeals from the trial court's order which states:

AND NOW, this 16th day of September, 2025, upon presentation of [Appellant's] Motion to Vacate All Support Orders for Lack of Subject Matter Jurisdiction on this date, IT IS HEREBY ORDERED, ADJUDGED and DECREED that [the] motion is **denied**.

Order, 9/16/25.

On October 8, 2025, Appellant filed a notice of appeal and concise statement pursuant to Pa.R.A.P. 1925. Appellant presents the following questions for review:

1. Whether the trial court lacked jurisdiction where no valid proof of service under Pa.R.C.P. 405(b) appears in the certified record.

2. Whether continued enforcement was improper after [Pennsylvania's Child Support Enforcement System (PACSES)] reflected "Complaint Withdrawn/Dismissed" without reinstatement.

3. Whether enforcement orders issued following a judge's filed recusal are void.

4. Whether refusal to accept documentary jurisdictional evidence violated due process.

5. Whether PACSES record alterations impaired appellate review and violated Pa.R.A.P. 1921-1926.

6. Whether failure to credit [Social Security Disability Insurance] derivative benefits breached Pa.R.C.P. 1910.16-2(b)(2).

7. Whether garnishment of [Combat-Related Special Compensation] payments without a valid order violates 42 U.S.C. § 659(a).

8. Whether liens and enforcement based on void orders must be vacated.

Appellant's Brief at 5-6.[1]

Appellant expressly appeals from the trial court's September 16, 2025 order pertaining to subject matter jurisdiction. *See* Notice of Appeal, 10/8/25; *see also* Appellant's Brief at 4, 13. Therefore, we will not review Appellant's issues that involve other orders and are unrelated to subject matter jurisdiction. *See* 42 Pa.C.S. § 706 (stating "[a]n appellate court may affirm, modify, vacate, set aside or reverse **any order brought before it for review**") (emphasis added). "Courts cannot assume jurisdiction they do not possess, nor can parties confer jurisdiction on the court; jurisdiction is conferred solely by the Constitution and laws of the Commonwealth." *Weliver v. Ortiz*, 291 A.3d 427, 437-38 (Pa. Super. 2023) (citation omitted).

"Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." *Silver v. Pinskey*, 981 A.2d 284, 292 (Pa. Super. 2009) (*en banc* ) (quoting *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003), *cert. denied,* 540 U.S. 1118, 124 S.Ct. 1065, 157 L.Ed.2d 911 (2004)). We have explained:

> The trial court has jurisdiction if it is competent to hear or determine controversies of the general nature of the matter involved *sub judice.* Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case.
>
> Issues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary. Questions of law are subject to a *de novo* standard of review. Any issue going to the subject matter jurisdiction of a court or administrative tribunal to

---

[1] Appellee has not filed a responsive brief.

act in a particular matter is an issue the parties cannot waive by agreement or stipulation, estoppel, or waiver. In other words, the parties or the court *sua sponte* can raise a challenge to subject matter jurisdiction at any time.

*Id.* (internal citations and quotation marks omitted). The Domestic Relations Code confers standing on any person caring for a child "to commence or continue an action for support of that child," and states that a trial court "shall exercise Statewide jurisdiction over the parties to a proceeding under this chapter." 23 Pa.C.S. § 4341(b)-(c).

Appellant appears to challenge the trial court's subject matter jurisdiction based on improper service. However, he fails to present a developed legal argument. Appellant states, "Pennsylvania law mandates proof of service as a prerequisite to jurisdiction." Appellant's Brief at 8. In the corresponding section of his brief, Appellant simply argues:

> Pa.R.C.P. 405(b) requires a return stating the "date, time, place, and manner of service, the identity of the person served, and any other facts necessary for the court to determine whether proper service has been made." No such return appears in the certified record. Lack of service deprives courts of personal jurisdiction and renders all subsequent judgments void. ***Cintas Corp. v. Lee's Cleaning Servs., Inc.***, 700 A.2d 915, 919 (Pa. 1997). Jurisdictional defects cannot be waived.

*Id.* at 9.

Appellant's argument is inadequate. In a few conclusory sentences, he fails to cite to the record or discuss the application of legal authority to the facts of this case. Also, he conflates subject matter jurisdiction with personal

- 4 -

jurisdiction.[2]  As Appellant has failed to present a proper legal argument, we find waiver.  **See Kaur v. Singh**, 259 A.3d 505, 511 (Pa. Super. 2021) (finding waiver where appellant failed "to properly raise and develop issues"); **Commonwealth v. Briggs**, 12 A.3d 291, 343 (Pa. 2011) (finding waiver where appellant "failed to develop or present a proper argument").  "It is not this Court's role to develop an appellant's argument where the brief provides mere cursory legal discussion."  **Kaur, supra** (citations and quotation marks omitted).  As our Supreme Court observed, an appellant is not entitled to relief when he presents an argument that is "speculative, undeveloped, unexplained, unsupported, contrary to the facts of record—and meritless."  **Commonwealth v. Padilla**, 80 A.3d 1238, 1263 (Pa. 2013).[3]

Even if we disregarded the inadequacy of Appellant's brief, we would affirm the trial court's order.  The parties have been subject to the trial court's subject matter jurisdiction for the past ten years.  Our review reveals that the trial court has subject matter jurisdiction.

_____

[2] "Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented," while personal jurisdiction "is [a] court's power to bring a person into its adjudicative process."  **In re Est. of Forte**, 352 A.3d 1024, 1030-31 (Pa. Super. 2026) (citations omitted).

[3] We recognize Appellant is *pro se*.  While this Court is "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit."  **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003).  A person who represents himself "must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."  **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/6/2026